## WAILUKU SUGAR COMPANY v. HAWAIIAN COMMERCIAL AND SUGAR COMPANY.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 18, 1901.        DECIDED NOVEMBER 23, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Bill for an injunction against depositing earth, stone and other
   material in a stream so as to obstruct the flow of water therein,
   dismissed because the averments on which the prayer for relief
   was based were not clearly established by the evidence.

OPINION OF THE COURT BY PERRY, J.

This is a bill for an injunction. The essential averments of
the bill are, in brief, that the complainant has the right to take
water from the Wailuku stream on the Island of Maui and ex-
ercises such right by means of a ditch leading from the stream;
that the complainant has an easement in the bed of the stream,
to-wit, the right to have the waters of the stream flow freely
and without interruption therein; that the respondent has con-
structed a wall of stone in the bed of and across the stream, at
a certain point designated, thereby obstructing the flow of water
therein; that respondent has deposited a large amount of earth,
stone and gravel in the bed of the stream, thereby obstructing
the flow of water therein; that the stream is subject to periodical
freshets of great force and intensity and that shortly before the
institution of these proceedings such a freshet carried away the
greater portion of the wall and of the earth, stone and gravel
above mentioned and that the material thus swept away was

deposited in sundry places within the river bed thereby obstructing the flow of water therein; and that the respondent threatens and intends to reconstruct the wall across the stream and to continue to deposit earth, stone and gravel in the bed of the stream. The prayer of the bill is that an injunction issue restraining the respondent "from building any wall or depositing any earth, stone or gravel in the bed of the Wailuku stream, or in any way hindering or obstructing the flow of water in said stream."

. After answer and trial, a decree was entered, enjoining the respondent from building any wall or depositing any earth, stone or gravel in the bed of the stream, or from obstructing in any way the flow of water therein, "excepting only that permission is reserved to said defendant to build, if it so desires, a solid masonry wall resting on bed rock contiguous to the present bank of said stream where the same overflows at high water and parallel to the course of said stream for the sole purpose of preventing encroachments by said stream upon its said banks in time of freshet," and reserving to the complainant leave to move for an order requiring the removal of any earth, stone or gravel deposited in the stream after the commencement of the suit. From this decree the case comes on appeal to this court.

It is undisputed that the bed of the stream at the points referred to, subject only to an easement in the respondent consisting of the right to the free and uninterrupted flow of its waters therein, and perhaps to a similar easement in other proprietors, is the property of the respondent. At best, then, the complainant may properly ask for an order restraining only the erection of such structures or the making of such deposits of earth or other material, by the respondent, as will obstruct the flow of water in the stream to the detriment of the complainant.

Two causes of complaint are relied on. One is that the respondent erected a certain wall of stone and other material across the north branch of the stream. The wall, as appears from the evidence, was in fact so constructed; but the evidence

also shows clearly, and it is undisputed, that shortly after its erection and before this suit was brought a freshet or freshets destroyed the wall and washed away most of the material of which it was composed, without thereby causing any injury whatever to the complainant in its ditches or otherwise, and further that the respondent does not·threaten or intend to rebuild the wall or to build any other wall similarly situated across the stream. On this branch of the case no reason exists for an injunction.

. The other cause of complaint is that the respondent has deposited on one side of the stream and parallel with the bank large quantities of stone, earth and other debris from a tunnel which is being excavated in the neighborhood and that such deposits, as they are now, obstruct the flow of water and, if washed away by freshets, will further obstruct such flow not only in the main stream but also in the complainant's ditches leading therefrom. The deposit thus complained of was, at the date of the trial below, about twenty feet in width at its widest part and about one hundred and twenty feet long. It seems to us that upon the evidence the finding is irresistible that this deposit does not obstruct the ordinary and accustomed flow of water in the stream or the supply thereof to which the complainant is entitled in its ditches. It is contended, however, that the material so deposited will be washed away from its present location by the first freshet to which the stream may be subject and that in such event the stream and more particularly the complainant's supply ditches will receive large quantities of the debris and that thus the flow of water will be interrupted to the complainant's detriment. It may be that the first or a later freshet will wash away the whole or a part of the material referred to, but, in view of ·the effectiveness with which the wall across the north branch is shown to have been carried down stream without causing any choking of the same or of the ditches or otherwise injuring the complainant, the finding would not, on the evidence now before us, be justified that there would be any chok-

ing of the ditches in case such material were washed away. In order to justify an injunction the danger apprehended and sought to be guarded against must be real and rest upon a substantial basis.

The contention is also presented that the maintenance of the debris in its present location will cause the direction of the current of the stream to change to some extent and the waters thereof to encroach on the complainant's land on the other side of the stream. This is not established by the evidence.

In our opinion, the decree appealed from should be reversed and the bill dismissed.

*Kinney, Ballou & McClanahan* for complainant.

*A. S. Hartwell* for respondent.